1    LINDSEY L. SMITH (SBN 265401)
     LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
2    10250 Constellation Boulevard, Suite 1700
     Los Angeles, California 90067
3    Telephone: (310) 229-1234
     Facsimile: (310) 229-1244
4    Email: lls@lnbyb.com

5    Attorneys for Timothy J. Yoo
     Chapter 7 Trustee
6

**FILED & ENTERED**

**APR 21 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY ghaltchi   DEPUTY CLERK**

7

8                    **UNITED STATES BANKRUPTCY COURT**
                     **CENTRAL DISTRICT OF CALIFORNIA**
9                    **LOS ANGELES DIVISION**

10

11   In re                                    Case No. 2:14-bk-31355-NB

12                                             Chapter 7
     JANICE RENE HAYNES,
13                                             **ORDER DENYING DEBTOR'S**
                      Debtor.                  **MOTION FOR RECONSIDERATION**
14                                             **OF ORDER AUTHORIZING TRUSTEE**
                                               **TO EMPLOY LEVENE, NEALE,**
15                                             **BENDER, YOO & BRILL L.L.P. AS**
                                               **GENERAL BANKRUPTCY COUNSEL**
16

17                                             Date: April 14, 2015
                                               Time: 2:00 p.m.
18                                             Place: Courtroom 1545
                                                      Roybal Federal Building
19                                                    225 E. Temple Street
                                                      Los Angeles, California 90012
20

21        On April 14, 2015 at 2:00 pm, before the Honorable Neil W. Bason, United States

22   Bankruptcy Judge, the Court held a *continued* hearing on that certain *Motion For Reconsideration*

23   *Of Order Authorizing Trustee To Employ Levene, Neale, Bender, Yoo & Brill L.L.P.* (*dkt. 30*, the

24   "Motion") filed by Janice Rene Haynes (the "Debtor"), the debtor in the above-captioned

25   bankruptcy case. Lindsey L. Smith of Levene, Neale, Bender, Yoo & Brill L.L.P. appeared on

26   behalf of Timothy J. Yoo, the chapter 7 trustee of the Debtor's estate and the Debtor appeared pro

27   se. No other appearances were made.

28

1    The Court, having considered the Motion, all evidence submitted concerning the Motion,

2    the statements and arguments of the parties at the *March 10, 2015 and April 14, 2015* hearing*s* on

3    the Motion, and good cause appearing,

4    **IT IS HEREBY ORDERED THAT:**

5    As set forth in the Court's tentative ruling on the Motion, a true and correct copy of which

6    is attached hereto as Exhibit "1" and is incorporated herein by reference, the Motion is denied.

7    # # #

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    Date: April 21, 2015

Neil W. Bason
United States Bankruptcy Judge

25

26

27

28

2

# EXHIBIT "1"

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, April 14, 2015**                                    **Hearing Room      1545**

2:00 PM

**2:14-31355    Janice Rene Haynes**                                    **Chapter 7**

   **#1.00**    Hrg re: Motion for Order Disallowing
            Debtor's Claim of Exemption

                       Docket      37

**Tentative Ruling:**

   **Revised Tentative Ruling for 4/14/15:**
Grant the chapter 7 trustee's motion for disallowance of the debtor's
exemptions (dkt. 37) and deny the debtor's motions to dismiss the chapter 7
case (dkt. 18) and for reconsideration of this court's order authorizing the
employment of Levene, Neale, Bender, Yoo & Brill L.L.P. ("Levene Neale") as
chapter 7 trustee's counsel (dkt. 25). <u>Appearances required</u> but telephonic
appearances are encouraged <u>if</u> advance arrangements are made (*see*
www.cacb.uscourts.gov, "Judges," "Bason, N.", "Instructions/Procedures").

*Proposed order:* Movant is directed to serve and lodge proposed orders via
LOU within 7 days after the hearing date, and attach a copy of this tentative
ruling, thereby incorporating it as this court's final ruling.

<u>Background</u>:
     The debtor's situation is unfortunate.  But the situation of her (unpaid)
creditors is also unfortunate, and she suggests no alternatives that would
protect them (or the chapter 7 trustee and his counsel, who have invested
time and efforts in this case).
     This court has already set forth the relevant factual background in its
order (dkt. 26) setting a hearing on the debtor's motions to dismiss and for
reconsideration of the order order authorizing Levene Neale's employment.
To that history, this court adds that accompanying the debtor's petition was
an application for waiver of the chapter 7 filing fee.  This court denied (dkt. 6)
that application but authorized the filing fee to be paid by the debtor in four
installments.  The debtor made installment payments on 11/14/14, 12/16/14,
and 1/15/15.  The final installment payment of $105.00, due 2/13/15, was
never paid, and the debtor asserted in her motion to dismiss (dkt. 18, 3:10-
11) that she would not be making the final installment payment.  The debtor's
latest papers reiterate her refusal to make the final installment payment (dkt.

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Tuesday, April 14, 2015**                                                    **Hearing Room      1545**

---

<u>2:00 PM</u>
**CONT...      Janice Rene Haynes**                                                          **Chapter 7**
41, p. 2).

In addition to the documents already filed, this court has reviewed the papers submitted by the parties since the 3/10/15 hearing on the debtor's motions, including the chapter 7 trustee's motion to disallow the debtor's claimed homestead exemption in her real property located at 1929 Barton Way, Hayward, CA (the "Hayward Property") (dkt. 37), the debtor's opposition (dkt. 41), and the chapter 7 trustee's reply (dkt. 42 & 43).  This court's tentative ruling is as follows:

<u>Chapter 7 Trustee's Objection to the Debtor's Claimed Exemption</u>.  The tentative ruling is to grant the chapter 7 trustee's motion to disallow the debtor's claim of exemption (dkt. 37) for the reasons stated therein as well those reasons stated in the chapter 7 trustee's reply to the debtor's opposition (dkt. 42).

The debtor's response to the chapter 7 trustee's arguments that she is not entitled to a homestead exemption under California Code of Civil Procedure Section 704.710(c) (CCP 704.710(c)) are conflicting and unpersuasive.  The debtor argues that she resided at the Hayward Property within 6 months of the petition date.  This is contradicted by her statements made under penalty of perjury in the petition.  The petition lists the debtor's street address as 4011 Hubert, Los Angeles, CA (dkt. 1, p. 1).  In section 15 of the debtor's statement of financial affairs, which requires that the debtor list all previous addresses within 3 years of the petition, the only address listed is 4826 S. Victoria Ave., Los Angeles, CA 90043 (dkt. 1, p. 39).  There is no mention of the Hayward Property as one of the debtor's previous residences. The debtor argues further that, pending the outcome of an unlawful detainer action against the tenants of the Hayward Property, she hopes to reside there "within 45 to 60 days."

Of course, all of these dates are irrelevant.  As set forth in the chapter 7 trustee's papers, the critical date for determining whether the "judgment lien" attaches (and thus whether the debtor is entitled to an exemption under CCP 704.710(c)) is the petition date.  There is more than ample evidence -- based on the petition, the debtor's statements at the meeting of creditors held pursuant to 11 U.S.C. 341(a) (the "341(a) Meeting") on 12/10/14 (dkt. 37, Ex. 2, p. 6-8), the fact that the case was filed in the Central rather than the Northern District, and the agreement by which the debtor leased the Hayward Property (dkt. 37, Ex. 3) -- to conclude that the debtor did not reside at the

---

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, April 14, 2015**                                                          **Hearing Room        1545**

2:00 PM
**CONT...         Janice Rene Haynes**                                                          **Chapter 7**

Hayward Property as of the petition date.  Although there is no admissible
evidence attached to the debtor's papers (such as in the form of a signed
declaration), to the extent this court interprets the debtor's arguments as an
offer of proof, this court  finds such evidence unpersuasive.

   Finally, the debtor argues that the chapter 7 trustee "desperately
attempted to get me to remove my exemption for the Hayward [] [P]roperty
without telling me why from the very beginning following the filing of my
petition."  If true, this argument would be irrelevant.  However, it also appears
to be flatly contradicted by the letter sent by the chapter 7 trustee to the
debtor on 1/21/15 (dkt. 37, Ex. 5) which seems to very clearly set forth the
reasons why the debtor is not entitled to a homestead exemption in the
Hayward Property.

Motion for Reconsideration.  The tentative ruling is to deny the debtor's
motion for reconsideration of this court's order authorizing the chapter 7
trustee's employment of Levene Neale.  This court has already addressed in
its prior order (dkt. 26, 3:22-25) and at the 3/10/15 hearing most of the
arguments reiterated by the debtor in her most recent papers pertaining to the
chapter 7 trustee's employment of his own firm as trustee's counsel.

   The only new argument raised by the debtor appears to be that the
chapter 7 trustee "did not prove 'due diligence' in seeking another law firm as
general counsel before hiring his own law firm."  The debtor cites no authority
that this is the applicable standard, and the requirement of showing "due
diligence" does not appear to be the law.  To the contrary, there is persuasive
authority, cited by the Chapter 7 Trustee at the time that this court authorized
him to employ his own firm, that this is an appropriate case for such an
arrangement.  *In re Butler Industries, Inc.*, 101 B.R. 194, 197 (Bankr. C.D.
Cal. 1989).  *See also In re Sonicblue Inc.*, 2007 WL 3342662 (Bankr. N.D.
Cal. 2007); 11 U.S.C. 327(d).  In addition, the Trustee has asserted, and the
debtor has not presented contrary evidence, that employing his own firm will
result in cost savings to the estate and, because of the limited assets
available in the estate, he would likely be unable to find other adequate
counsel.

Motion to Dismiss.  The tentative ruling is to deny the debtor's motion to
dismiss for the reasons stated in the chapter 7 trustee's opposition (dkt. 24)
and most recent reply (dkt. 42) as well as for those reasons stated in this

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Tuesday, April 14, 2015**                                                                    **Hearing Room    1545**

---

<u>2:00 PM</u>
**CONT...        Janice Rene Haynes**                                                                    **Chapter 7**

court's order on the debtor's motions (dkt. 26, 3:26-4:20).
        (1) <u>This court has jurisdiction over the case</u>.
        The debtor's papers suggest that this court should (or perhaps must) dismiss this case because (1) the debtor has not paid her final filing fee installment, (2) the debtor has not attended the continued Section 341(a) Meetings, and/or (3) the debtor has not filed a certificate showing pre-petition credit counseling as required by 11 U.S.C. 109(h).
        Taking these issues in reverse order, the 9th Circuit BAP has held under similar circumstances to these that the "credit counselling requirement" of section 109(h) is non-jurisdictional and may be waived by the debtor.  See *In re Mendez*, 367 B.R. 109, 118 (9th Cir. BAP 2007) (not permitting chapter 7 debtor to use 109(h) "offensively" as a "ticket to get out of bankruptcy"); *In re Manalad*, 360 B.R. 288, 297 (Bankr. C.D. Cal. 2007) (non-compliance with 109(h) does not require dismissal, and court has "discretion to fashion a remedy that is appropriate under the circumstances of each case").  Thus, this court is not obliged to dismiss the present case based on the debtor's purported failure to obtain pre-petition credit counselling.
        Nor does the debtor's failure to pay her final fee installment payment or attend the continued 341(a) Meeting necessitate dismissal.  There are numerous remedies for such non-appearance (*e.g.,* the chapter 7 trustee could determine that the debtor's further appearance is unnecessary, or this court could order, under penalty of being held in contempt, that the debtor appear at such meeting).  Regardless, the debtor's failure to appear at the continued 341(a) Meeting does not require dismissal.  See Local Bankruptcy Rule 1017-2(b) (while debtor's failure to appear at a continued meeting of creditors is cause for dismissal, the court "will dismiss the case <u>upon the trustee's request</u>").
        (2) <u>The debtor has failed to show "cause" warranting dismissal</u>.  11 U.S.C. 707(a) provides that "[t]he court <u>may</u> dismiss a case . . . only for cause . . . ."  See also *In re Bartee*, 317 B.R. 362 (9th Cir. BAP 2004) (a debtor must establish cause to obtain dismissal of a voluntary chapter 7 case).  While section 707(a)(2) defines "cause" as including nonpayment of fees, the standard under 707(a) is clearly discretionary and, for the reasons stated above, this court does not find the debtor's nonpayment of her final filing fee installment payment constitutes "cause" warranting dismissal in this case.
        In the Ninth Circuit, "a voluntary Chapter 7 debtor is entitled to dismissal of his case so long as such dismissal will cause no 'legal prejudice'

---

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, April 14, 2015**                                                      **Hearing Room    1545**

2:00 PM

**CONT...**        **Janice Rene Haynes**                                                              **Chapter 7**

to interested parties." *In re Leach*, 130 B.R. 855, 857 no. 5 (9th Cir. BAP 1991).  The debtor bears the burden of proving dismissal will not prejudice their creditors.  *In re Bartee*, 317 B.R. at 366.  The possibility that a debtor in an asset case will not pay her creditors outside of bankruptcy may constitute "prejudice."  *Id.*  As set forth in this court's previous order (dkt. 26, 4:16-20), the debtor has substantial debts that should be paid.  While the debtor asserts that she intends to pay these debts outside of bankruptcy, this assertion is far-fetched and unsupported by any admissible evidence.  The debtor has failed to satisfy her burden of establishing "cause" under 11 U.S.C 707(a).

If you wish to dispute the above tentative ruling, please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings".

**Tentative Ruling for 4/14/15:**
This court will post a tentative ruling after the chapter 7 trustee's reply is filed (on 4/13/15).

| Party Information |
|---|

**Debtor(s):**

Janice Rene Haynes                                                        Pro Se

**Movant(s):**

Timothy  Yoo (TR)                                                        Represented By
                                                                               Lindsey L Smith

**Trustee(s):**

Timothy  Yoo (TR)                                                        Represented By
                                                                               Lindsey L Smith